# EXHIBIT I

**ACTION BY WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS**
**OF**
**HASTINGS ENTERTAINMENT, INC.**

The undersigned, being the sole member of the Board of Directors of Hastings Entertainment, Inc., a Texas corporation (the "*Company*"), hereby consents to the following actions and adopts the following resolutions:

**RATIFICATION OF AMENDMENT TO THIRD RESTATED CERTIFICATE OF FORMATION**

**WHEREAS**, on July 15, 2014 (the "*Effective Time*"), the Company's shareholders approved that certain Agreement and Plan of Merger (the "*Merger Agreement*"), dated March 17, 2014, by and among the Company, Draw Another Circle, LLC, a Delaware limited liability company, and Hendrix Acquisition Corp., a Texas corporation and a wholly owned subsidiary of Parent, subsequent to which the Company filed with the Secretary of State of the State of Texas that certain Amendment to the Third Restated Certificate of Formation, attached hereto as Exhibit A (the "*Amendment*"); and

**WHEREAS**, the Board now desires to ratify and approve the Amendment.

**NOW, THEREFORE, BE IT RESOLVED**, that the Amendment be, and it hereby is, authorized, approved, ratified and adopted in all respects; and

**RESOLVED FURTHER,** that the officers of the Company be, and each of them hereby is, authorized and directed to take such other actions and make such other filings with the Secretary of State of the State of Texas as may be deemed necessary or appropriate with respect to the foregoing resolutions.

**RATIFICATION OF SECOND AMENDED AND RESTATED BYLAWS**

**WHEREAS**, pursuant to the terms of the Merger Agreement, at the effective time of the Merger and without any further action on the part of the Company, the bylaws of the Company were amended and restated in the form attached hereto as Exhibit B (the "*Second Amended and Restated Bylaws*"); and

**WHEREAS**, the Board now desires to ratify and approve the Second Amended and Restated Bylaws.

**NOW, THEREFORE, BE IT RESOLVED,** that the Second Amended and Restated Bylaws of the Company be, and it hereby is, authorized, approved, ratified and adopted in all respects.

**ACCEPTANCE OF RESIGNATIONS; APPOINTMENT OF OFFICERS**

**WHEREAS**, on July 15, 2014, the then-current officers of the Company resigned from their respective offices effective as of the Effective Time; and

WR004343

**WHEREAS**, pursuant to the Merger Agreement, the Board desires to appoint those individuals to the positions specified on Schedule 1.4(c) to the Merger Agreement and, further, to appoint certain additional individuals to the offices specified below.

**NOW, THEREFORE, BE IT RESOLVED,** that the former officers' resignations be, and they hereby are, accepted, effective as of the Effective Time; and

**RESOLVED,** that effective as of the Effective Time, the Board hereby ratifies, confirms and approves the appointments of the following individuals as the officers of the Company, to hold such office until his or her successor is duly appointed and qualified or his or her earlier resignation, removal, death or replacement:

| Name | Office(s) |
| --- | --- |
| Joel Weinshanker | Chief Executive Officer, Secretary and Treasurer |
| Alan Van Ongevalle | President and Chief Operating Officer |
| Jeff Twait | Chief Financial Officer |
| Phil McConnell | Vice President, Divisional Merchandise Manager |
| Angie Knight | Assistant Secretary |

**DUTIES OF CHIEF EXECUTIVE OFFICER**

**WHEREAS**, the Second Amended and Restated Bylaws of the Company provides, among other things, that the officers of the Company shall have such powers and duties as from time to time may be conferred by the Board; and

**WHEREAS**, the Board deems it advisable and in the best interest of the Company and its shareholders to define the duties of the Chief Executive Officer of the Company.

**NOW, THEREFORE, BE IT RESOLVED,** that the duties of the Chief Executive Officer of the Company shall be as follows:

The Chief Executive Officer of the Company shall preside at all meetings of the shareholders and at all meetings of the Board of Directors, unless the President of the Company has been appointed and is present. The Chief Executive Officer of the Company shall, subject to the control of the Board of Directors, have general supervision, direction and control of the business and officers of the Company. The Chief Executive Officer of the Company shall perform other duties commonly incident to the office and shall also perform such other duties and have such other powers as the Board of Directors shall designate from time to time.

WR004344

**RATIFICATION OF OFFICERS AND DIRECTORS OF SUBSIDIARY**

**WHEREAS,** the Board desires to ratify its appointment, acting as sole shareholder of Hastings Internet, Inc., a Nevada corporation and a wholly-owned subsidiary of the Company (the "***Subsidiary***"), of the sole director of the Subsidiary.

**NOW, THEREFORE, BE IT RESOLVED,** that the Board hereby ratifies and approves the Subsidiary's shareholder resolutions appointing the sole director attached hereto as <u>Exhibit C</u>.

**GENERAL AUTHORITY**

**RESOLVED,** that the officers of the Company be, and they hereby are, authorized, empowered, and directed, acting in the name and on behalf of the Company, to take any and all actions, and to execute and deliver any and all documents, agreements, certificates, and instruments as they or any of them deem necessary or advisable in order to carry out the purposes and intent of, and to consummate any and all of the transactions contemplated by, any of the foregoing resolutions, the taking of such actions, or the execution and delivery of any such documents, agreements, certificates, or instruments, to be conclusive evidence of such determination and authority to act for or on behalf of the Company; and

**RESOLVED FURTHER,** that any and all actions, whether previously or subsequently taken by the officers of the Company which are consistent with the intent and purposes of the foregoing resolutions, shall be and the same hereby are, in all respects, ratified, approved and confirmed.

[SIGNATURES ON FOLLOWING PAGE]

WR004345

IN WITNESS WHEREOF, the undersigned have signed, sealed and delivered this Resolution this <u>16th</u> day of July, 2014.

**DIRECTOR:**

_(signature)_

Joel Weinshanker

[SIGNATURE PAGE TO HASTINGS ENTERTAINMENT, INC. CONSENT OF THE DIRECTOR]

Exhibit A

Restated Certificate of Formation

WR004347

## AMENDMENTS TO THE
## THIRD RESTATED CERTIFICATE OF FORMATION
## OF
## HASTINGS ENTERTAINMENT, INC.

There are no amendments to ARTICLE ONE of the Third Restated Certificate of Formation.

1.   ARTICLE TWO is amended to read in its entirety as follows:

## ARTICLE TWO
## PURPOSE

The purpose for which the Corporation is organized is the transaction of any or all lawful business for which a for-profit corporation may be formed under the Business Organizations Code of the State of Texas (the "*TBOC*").

2.   ARTICLE THREE is amended to read in its entirety as follows:

## ARTICLE THREE
## CAPITALIZATION

Section 3.1    Authorized Shares. The total number of shares of all classes the Corporation is authorized to issue is 1,000 shares, par value $0.0001 per share (the "*Common Shares*").

Section 3.2    Common Shares.

a.    The holders of Common Shares shall be entitled to one vote for each such share on each matter properly submitted to the shareholders on which the holders of Common Shares are entitled to vote. Except as otherwise provided by law or this Certificate, at any annual or special meeting of the shareholders the Common Shares shall have the exclusive right to vote for the election of directors and on all other matters properly submitted to a vote of the shareholders.

b.    The holders of Common Shares shall be entitled to receive such dividends and other distributions when, as and if declared thereon by the Board from time to time out of any assets or funds of the Corporation legally available therefor.

c.    In the event of any voluntary or involuntary winding-up or termination of the Corporation, after payment or provision for payment of the debts, liabilities and obligations of the Corporation, the holders of Common Shares shall be entitled to receive all the remaining assets of the Corporation available for distribution to its shareholders, ratably in proportion to the number of Common Shares held by them.

3.   ARTICLE FOUR is amended to read in its entirety as follows:

WR004348

## ARTICLE FOUR
## REGISTERED AGENT

The address of the Corporation's registered office is 3601 Plains Boulevard, Amarillo, Texas 79102 and the name of its registered agent at such address is Philip McConnell.

4.    ARTICLE FIVE is amended to read in its entirety as follows:

## ARTICLE FIVE
## DIRECTOR

The number of directors constituting the Board is set at one (1) until changed in the manner provided in the bylaws of the Corporation. The name and address of the person who is the current director, who shall serve until the next annual meeting of shareholders or until his successor is duly elected and qualified is as follows:

NAME & ADDRESS

Joel Weinshanker
603 Sweetland Avenue
Hillside, NJ 07205

5.    ARTICLE SIX is amended to read in its entirety as follows:

## ARTICLE SIX
## ACTIONS BY SHAREHOLDERS WITHOUT A MEETING

Any action required to be taken at any annual or special meeting of shareholders, and any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall have been signed by the holder or holders of shares having not less than the minimum number of votes that would be necessary to take such action at a meeting at which holders of all shares entitled to vote on the action were present and voted.

6.    ARTICLE SEVEN is amended to read in its entirety as follows:

## ARTICLE SEVEN
## LIMITED LIABILITY; INDEMNIFICATION

Section 7.1    Limitation of Liability.  No person who is or was a director of the Corporation shall be personally liable to the Corporation or any of its shareholders for monetary damages for an act or omission in such person's capacity as a director of the Corporation, except to the extent such limitation or elimination of liability is not permitted by applicable law, as the same exists or hereafter may be changed. If applicable law is hereafter changed to authorize corporate action further limiting or eliminating the liability of directors, then the liability of a director to the Corporation or its shareholders shall be limited or eliminated to the fullest extent permitted by applicable law, as so

changed. Any repeal or amendment of this Section 7.1 by the shareholders of the Corporation or by changes in law, or the adoption of any other provision of this Certificate inconsistent with this Section 7.1 will, unless otherwise required by law, be prospective only (except to the extent such amendment or change in law permits the Corporation to further limit or eliminate the liability of directors) and shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or amendment or adoption of such inconsistent provision with respect to acts or omissions occurring prior to such repeal or amendment or adoption of such inconsistent provision.

Section 7.2    <u>Indemnification</u>.

a.    Each person who was or is a respondent or defendant, or is threatened to be made a respondent or defendant, or testifies or otherwise participates, in any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative, any appeal in such an action, suit or proceeding, and any inquiry or investigation that could lead to such an action, suit, or proceeding (any of the foregoing hereinafter called a "***proceeding***"), whether or not by or in the right of the Corporation, because such person is or was a director of the Corporation or, while a director of the Corporation, is or was serving at the request of the Corporation as a director, officer, partner, venturer, proprietor, trustee, employee, administrator, agent or similar functionary of another foreign or domestic corporation, limited or general partnership, limited liability company, business trust, real estate investment trust, joint venture, joint stock company, cooperative, association, bank, insurance company, credit union, association, proprietorship, trust, employee benefit plan, other enterprise or other organization (hereinafter a "***Covered Person***") shall be indemnified by the Corporation to the fullest extent authorized or permitted by applicable law, as the same exists or may hereafter be changed, against all judgments (including arbitration awards), court costs, penalties, excise and similar taxes, fines, settlements, reasonable attorneys' fees and other expenses (all of the foregoing hereinafter called "***expenses***") actually incurred by such person in connection with such proceeding, and such right to indemnification shall continue as to a person who has ceased to be a director, officer, partner, venturer, proprietor, trustee, employee, administrator, agent or similar functionary and shall inure to the benefit of his or her heirs, executors and administrators. The right to indemnification conferred by this Section 7.2 shall be a contract right and shall include the right to be paid or reimbursed by the Corporation the reasonable expenses incurred in defending or otherwise participating in any such proceeding in advance of its final disposition upon receipt by the Corporation of a written affirmation by the Covered Person of the Covered Person's good faith belief that the person has met the standard of conduct necessary for indemnification under the TBOC and a written undertaking by or on behalf of the person to repay all amounts so advanced if it shall be ultimately determined by final judicial decision from which there is no further right to appeal that the Covered Person has not met that standard or that indemnification of the Covered Person against expenses incurred by such person in connection with that proceeding is prohibited by the TBOC.

b.    The rights conferred on any Covered Person by this Section 7.2 shall not be exclusive of any other rights which any Covered Person may have or hereafter acquire under

5369709.5

law, this Certificate, the bylaws of the Corporation, an agreement, vote of shareholders or disinterested directors, or otherwise.

        c.      Any repeal or amendment of this Section 7.2 by the shareholders of the Corporation or by changes in law, or the adoption of any other provision of this Certificate inconsistent with this Section 7.2 , will, unless otherwise required by law, be prospective only (except to the extent such amendment, change in law or adoption permits the Corporation to provide broader indemnification rights on a retroactive basis than permitted prior thereto), and will not in any way diminish or adversely affect any right or protection existing at the time of such repeal or amendment or adoption of such inconsistent provision in respect of any act or omission occurring prior to such repeal or amendment or adoption of inconsistent provision.

        d.      This Section 7.2 shall not limit the right of the Corporation, to the extent and in the manner authorized or permitted by law, to indemnify and to advance expenses to persons other than Covered Persons.

7.   ARTICLE EIGHT is amended to read in its entirety as follows:

## ARTICLE EIGHT
## SHAREHOLDER VOTE ON CERTAIN MATTERS

Except as otherwise provided in this Certificate, the vote of shareholders required for approval of any action for which the TBOC requires a shareholder vote, shall, if a greater vote of shareholders is provided for by the TBOC, instead be the affirmative vote of the holders of a majority of the outstanding shares entitled to vote thereon, unless any class or series of shares is entitled to vote as a class thereon, in which event the vote required shall be the affirmative vote of the holders of a majority of the outstanding shares within each class or series of shares entitled to vote thereon as a class and a majority of the outstanding shares otherwise entitled to vote thereon. This document becomes effective when the document is filed by the Secretary of State of the State of Texas.

8.   The remaining Articles of the Third Restated Certificate of Formation (ARTICLE NINE, ARTICLE TEN, ARTICLE ELEVEN, ARTICLE TWELVE, ARTICLE THIRTEEN, AND ARTICLE FOURTEEN) are deleted in their entirety.

WR004351

<u>Exhibit B</u>

Second Amended and Restated Bylaws

108863389 v4

WR004352

**AMENDED AND RESTATED BYLAWS**


**OF**


**HASTINGS ENTERTAINMENT, INC.,**


**a Texas corporation**


**(the "*Corporation*")**


**(Amended and Restated as of July 16, 2014)**

4982944.1
108799184 v1

WR004353

# BYLAWS

## OF

## HASTINGS ENTERTAINMENT, INC.

## ARTICLE I.
### OFFICES

Section 1.1   **Registered Office.**   The registered office of the Corporation within the State of Texas shall be located at either (a) the principal place of business of the Corporation in the State of Texas or (b) the office of the corporation or individual acting as the Corporation's registered agent in Texas.

Section 1.2   **Additional Offices.**   The Corporation may, in addition to its registered office in the State of Texas, have such other offices and places of business, both within and outside the State of Texas, as the Board of Directors of the Corporation (the "***Board***") may from time to time determine or as the business and affairs of the Corporation may require.

## ARTICLE II.
### SHAREHOLDERS MEETINGS

Section 2.1   **Annual Meetings.**   Unless directors are elected by written consent in lieu of an annual meeting as permitted by applicable law or an annual meeting is otherwise not required by applicable law, an annual meeting of shareholders shall be held at such place and time and on such date as shall be determined by the Board and stated in the notice of the meeting, provided that the Board in its sole discretion may determine, and such notice shall state, that the meeting shall not be held at any place, but shall instead be held solely by means of remote communication pursuant to Section 9.5; and provided further, that if all shareholders entitled to notice of the meeting agree prior to the time that notice of the meeting is sent to the shareholders that the meeting shall be held at a different place from that determined by the Board, then the annual meeting shall be held at, and the notice of the meeting shall state, the place so agreed by all such shareholders.  At each annual meeting, the shareholders shall elect directors of the Corporation and transact such other business as may properly be brought before the meeting.

Section 2.2   **Special Meetings.**   Except as otherwise required by applicable law or provided in the Corporation's Certificate of Formation, as the same may be amended or restated from time to time (the "***Certificate of Formation***"), special meetings of shareholders, for any purpose or purposes, may be called only by (a) the President of the Corporation, (b) the Board, or (c) holders of shares of the Corporation representing at least ten percent (10%) of the voting power of the outstanding shares entitled to vote at the proposed special meeting.  Special meetings called by the President or the Board shall be held at such place and time and on such date as shall be determined by the Board and stated in the notice of the meeting, provided that

1

WR004354

the Board in its discretion may determine, and such notice shall state, that the meeting shall not be held at any place, but shall instead be held solely by means of remote communication pursuant to Section 9.5; and provided, further, that if all shareholders entitled to notice of the meeting agree prior to the time that notice of the meeting is sent to the shareholders that the meeting shall be held at a different place from that determined by the Board, then the meeting shall be held at, and the notice of the meeting shall state, the place so agreed by all such shareholders.  Special meetings called by shareholders shall be held at the place determined by the Board (or in the absence of the Board's determination, the Corporation's principal place of business) and at such time and on such date as shall be determined by such shareholders (or, in the absence of such determination, the Board) and stated in the notice of the meeting; provided, however, that if all shareholders entitled to notice of the meeting agree prior to the time that notice of the meeting is sent to the shareholders that the meeting shall be held at a different place from that determined by the Board (or in the absence of the Board's determination, the Corporation's principal place of business), then the meeting shall be held at, and the notice of the meeting shall state, the place so agreed by all such shareholders.

Section 2.3    **Notices.**    Notice of each shareholders meeting stating the place (unless the meeting is held solely by means of remote communication), date and time of the meeting and the means of any remote communications by which shareholders may be considered present and may vote at the meeting, shall be given in the manner permitted by Section 9.3 to each shareholder entitled to vote thereat by or at the direction of the President, Secretary or the officer or person or persons calling the meeting not less than 10 nor more than 60 days before the date of the meeting.  If the notice is for a shareholders meeting other than an annual meeting, it shall in addition state the purpose or purposes for which the meeting is called, and the business transacted at such meeting shall be limited to the matters so stated in the notice of meeting.

Section 2.4    **Quorum.**    Except as otherwise provided by applicable law or the Certificate of Formation, the presence, in person or by proxy, at a shareholders meeting of the holders of shares of the Corporation representing a majority of the voting power of all outstanding shares of the Corporation entitled to vote at such meeting shall constitute a quorum for the transaction of business at such meeting.  If a quorum shall not be present at any meeting of the shareholders, the shareholders represented in person or by proxy at the meeting may adjourn the meeting until such time and to such place, as may be determined by a vote of holders of a majority of the voting power of the shares represented in person or by proxy at the meeting and entitled to vote thereat, until a quorum is present.  Unless the determination of shareholders entitled to vote at such meeting has been made through the closing of the share transfer records and the stated period of closing has expired, notice need not be given of any such adjourned meeting if the date, time, place, if any, thereof, and the means of remote communication, if any, by which shareholders may be deemed to be present in person and vote at such adjourned meeting are announced at the meeting at which the adjournment is taken.  At any such adjourned meeting at which a quorum is present, any business may be transacted that might have been transacted at the meeting as originally noticed.  The shareholders present at a duly convened meeting may conduct such business as may be properly brought before the meeting until it is adjourned, and the subsequent withdrawal from the meeting of any shareholder or the refusal of any shareholder represented in person or by proxy to vote shall not affect the presence of a quorum at the meeting.  Shares of its own capital stock owned by the Corporation or by any

2

WR004355

direct or indirect subsidiary (as defined in the Texas Business Organizations Code (the "**TBOC**")) of the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any such subsidiary to vote shares held or controlled by it in a fiduciary capacity or with respect to which it otherwise exercises voting power in a fiduciary capacity.

Section 2.5   **Voting of Shares.**

(a)   Voting Lists.   The Secretary shall prepare, or shall cause the officer or agent who has charge of the share transfer records of the Corporation to prepare, at least eleven (11) days before each meeting of shareholders, a complete list of the shareholders entitled to vote at such meeting or any adjournment thereof, arranged in alphabetical order and showing the address, the number and type of shares held by each shareholder, and the number of votes to which each shareholder is entitled if different from the number of shares held by such shareholder.   Such list shall be open to the examination of any shareholder, during usual business hours for a period of at least ten (10) days prior to such meeting:   (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of the meeting, or (ii) at the registered office or principal executive office of the Corporation.   Nothing contained in this Section 2.5(a) shall require the Corporation to include any electronic contact information on the list.   In the event that the Corporation determines to make the list available on an electronic network, the Corporation shall take reasonable steps to ensure that the information is available only to shareholders of the Corporation.   If the meeting is to be held at a place, then the list shall be produced and kept open at the time and place of the meeting and shall be subject to the inspection of any shareholder during the whole time of the meeting.   If a meeting of shareholders is to be held by means of remote communication as permitted by Section 9.5, the list shall be open to the examination of any shareholder for the duration of the meeting on a reasonably accessible electronic network, and the information required to access the list shall be provided to the shareholders with the notice of meeting.   The original share transfer records shall be prima facie evidence as to who are the shareholders entitled to examine the list required by this Section 2.5(a) or such share transfer records or to vote at any meeting of shareholders.

(b)   Manner of Voting.   At any shareholders meeting, any shareholder entitled to vote may vote in person or by proxy executed in writing by the shareholder.   The voting by shareholders at any meeting conducted by remote communication may be effected by a ballot submitted by electronic transmission (as defined in Section 9.3).   Any electronic transmission must contain or be accompanied by information from which it can be determined that the transmission was authorized by the shareholder.   The Board, in its discretion, or the chairman of the meeting of shareholders, in such person's discretion, may require that any votes cast at such meeting shall be cast by written ballot.

(c)   Proxies.   Each shareholder entitled to vote at a meeting of shareholders may vote by proxy executed in writing by the shareholder, but no such proxy shall be voted or acted upon after eleven (11) months from the date of its execution, unless otherwise provided in the proxy. An electronic transmission (as defined in Section 9.3), by the shareholder, or a photographic, photostatic, facsimile, or similar reproduction of a writing executed by the

3

WR004356

shareholder, shall be treated as an execution in writing for purposes of this Section 2.5(c). Any electronic transmission must contain or be accompanied by information from which it can be determined that the transmission was authorized by the shareholder. Proxies need not be filed with the Secretary of the Corporation until the meeting is called to order, but shall be filed with the Secretary before being voted. Unless and until voted, every proxy will be revocable, except in those cases where an irrevocable proxy permitted by statute has been given.

(d)  Required Vote.  The election of directors shall be determined by a plurality of the votes cast by the shareholders entitled to vote thereon and represented in person or by proxy at the meeting at which a quorum is present. All other matters shall be determined by the affirmative vote of a majority of the votes that were voted for or against the matter cast by the shareholders entitled to vote thereon and represented in person or by proxy at the meeting at which a quorum is present, unless the matter is one upon which, by applicable law, the Certificate of Formation or these Bylaws a different vote is required, in which case such provision shall govern and control the decision of such matter.

Section 2.6  **Adjournments.**  Any lawfully convened meeting of shareholders, annual or special, may be adjourned by the chairman of the meeting or by shareholders present and entitled to vote thereat, by a majority in voting power thereof, from time to time, to reconvene at the same or some other place. Unless the determination of shareholders entitled to vote at any meeting of shareholders has been made through the closing of the share transfer records and the stated period of closing has expired, notice need not be given of any adjourned meeting if the date, time, place, if any, thereof, and the means of remote communication, if any, by which shareholders may be deemed to be present and vote at such adjourned meeting are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the shareholders may transact any business which might have been transacted at the meeting as originally noticed.

Section 2.7  **Conduct of Meetings.**  The chairman of each annual and special meeting of shareholders shall be the President (if he or she shall be a director) or, in the absence (or inability or refusal to act) of the President or if the President is not a director, such other person as shall be appointed by the Board or, in the absence of such appointment, a chairman chosen at the meeting. The date and time of the opening and the closing of the polls for each matter upon which the shareholders will vote at a meeting shall be announced at the meeting by the chairman of the meeting. The Board may adopt such rules and regulations for the conduct of the meeting of shareholders as it shall deem appropriate. Except to the extent inconsistent with these Bylaws or such rules and regulations as adopted by the Board, the chairman of any meeting of shareholders shall have the right and authority to convene and to adjourn the meeting, to prescribe such rules, regulations and procedures and to do all such acts as, in the judgment of such chairman, are appropriate for the proper conduct of the meeting. Unless and to the extent determined by the Board or the chairman of the meeting, meetings of shareholders shall not be required to be held in accordance with the rules of parliamentary procedure. The secretary of each annual and special meeting of shareholders shall be the Secretary or, in the absence (or inability or refusal to act) of the Secretary, an Assistant Secretary so appointed to act by the chairman of the meeting. In the absence (or inability or refusal to act) of the Secretary and all

4

WR004357

Assistant Secretaries, the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 2.8    **Action by Consent of Shareholders in Lieu of Meeting.**    Any action required by law to be taken at a meeting of the shareholders, or any action which may be taken at a meeting of the shareholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, (a) shall be signed by the holders of outstanding shares having not less than the minimum voting power that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and (b) unless consented to by the holders of all outstanding shares entitled to vote on the action, shall be delivered to the Corporation as provided in this Section 2.8. Every written consent signed by the holders of fewer than all the shares entitled to vote with respect to the action that is the subject of the consent shall bear the date of signature of each shareholder who signs the consent. No written consent signed by the holders of fewer than all the shares entitled to vote with respect to the action that is the subject of the consent shall be effective to take the action that is the subject of the consent unless, within sixty (60) days after the date of the earliest dated consent delivered to the Corporation, a written consent or consents signed by the holder or holders having not less than the minimum number of votes that would be necessary to take the action that is the subject of the consent are delivered to the Corporation by delivery to the Corporation's registered office in the State of Texas or the Corporation's principal executive office or place of business or the Secretary. If the consent is not solicited on behalf of the Corporation or the Board, delivery shall be by hand or certified or registered mail, return receipt requested. Any delivery to the Corporation's principal executive office or place of business pursuant to this Section 2.8 shall be addressed to the President. An electronic transmission consenting to the action to be taken and transmitted by a shareholder shall be considered to be written, signed and dated for purposes hereof if such electronic transmission sets forth or is delivered with information from which the Corporation can determine that such transmission was transmitted by a shareholder and the date on which such shareholder transmitted such transmission. The date on which such electronic transmission is transmitted shall be deemed to be the date on which such consent was signed. Any photographic, photostatic, facsimile or similarly reliable reproduction of a consent in writing signed by a shareholder may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used if the reproduction is a complete reproduction of the entire original writing. Prompt notice of the taking of any action by shareholders without a meeting by less than unanimous written consent shall be given to those shareholders who did not consent in writing to the action.

## ARTICLE III.
## DIRECTORS

Section 3.1    **Powers.**    The business and affairs of the Corporation shall be managed under the direction of the Board, which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by statute or by the Certificate of Formation or by these Bylaws required to be exercised or done by the shareholders. Directors need not be shareholders or residents of the State of Texas.

4982944.1
108799184 v1

WR004358

Section 3.2    **Number; Term.**    The number of directors of the Corporation initially shall be one (1). Thereafter the number of directors may be determined from time to time by the Board, but no decrease in such number shall have the effect of shortening the term of any incumbent director. Except as otherwise provided in the Certificate of Formation, the directors shall be elected at the annual meeting of shareholders to hold office until the next succeeding annual meeting of shareholders. Each director so elected shall hold office for the term for which such director is elected and until his or her successor shall have been elected and qualified, subject to such director's earlier death, resignation, retirement, disqualification or removal.

Section 3.3    **Newly Created Directorships and Vacancies.**    Newly created directorships resulting from an increase in the number of directors may be filled (a) by election at an annual or special meeting of shareholders called for that purpose, or (b) by the Board; provided, that, with respect to any directorship so to be filled by the Board (i) such directorship shall be for a term of office continuing only until the next election of one or more directors by the shareholders, and (ii) the Board may not fill more than two such directorships during the period between any two successive annual meetings of shareholders. Any vacancies occurring in the Board resulting from death, resignation, retirement, disqualification, removal or other cause (other than an increase in the number of directors) may be filled by election by shareholders at an annual or special meeting called for that purpose or by the affirmative vote of a majority of the remaining directors though less than a quorum, and a director so chosen or elected shall hold office for the unexpired term of the director's predecessor in office and until his or her successor is elected and qualified, subject, however, to such director's earlier death, resignation, retirement, disqualification or removal. Notwithstanding the foregoing, except as otherwise provided in the Certificate of Formation, whenever the holders of any class or series of shares or group of classes or series of shares are entitled to elect one or more directors by the provisions of the Certificate of Formation, any vacancies in such directorships and any newly created directorships of such class, series or group to be filled by reason of an increase in the number of such directors may be filled only by (1) the affirmative vote of (i) a majority of the directors elected by such class, series or group, then in office, or (ii) the sole remaining director so elected, or (2) the vote of the holders of the outstanding shares of such class, series or group.

Section 3.4    **Removal.**    Except as otherwise provided in the Certificate of Formation, at any meeting of shareholders called expressly for that purpose, any director or the entire Board may be removed, with or without cause, by a vote of the holders of a majority of the voting power of the shares then entitled to vote at an election of the director or directors who are proposed to be removed.

Section 3.5    **Compensation.**    Unless otherwise restricted by the Certificate of Formation or these Bylaws, the Board shall have the authority to fix the compensation of directors. The directors may be reimbursed their expenses, if any, of attendance at each meeting of the Board and may be paid either a fixed sum for attendance at each meeting of the Board or other compensation as director. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefor. Members of committees of the Board may be allowed like compensation and reimbursement of expenses for service on the committee.

4982944.1
108799184 v1

WR004359

## ARTICLE IV.
## BOARD MEETINGS

Section 4.1    **Annual Meetings.**    The Board shall meet as soon as practicable after the adjournment of each annual shareholders meeting at the place of the annual shareholders meeting unless the Board (a) fixes another time and place or holds such meting solely by means of remote communication pursuant to Section 9.5 and (b) gives notice thereof in the manner required herein for special meetings of the Board.  No notice to the directors shall be necessary to legally convene this meeting, except as provided in this Section 4.1.

Section 4.2    **Regular Meetings.**    Regular meetings of the Board may be held without notice at such times, dates and places as shall from time to time be determined by the Board.

Section 4.3    **Special Meetings.**    Special meetings of the Board (a) may be called by the President and (b) shall be called by the President or Secretary on the written request of a majority of directors then in office, or the sole director, as the case may be, and shall be held at such time, date and place (unless the meeting is held solely by means of remote communication pursuant to Section 9.5) as may be determined by the person calling the meeting or, if called upon the request of directors or the sole director, as specified in such written request.  Notice of each special meeting of the Board shall be given, as provided in Section 9.3 to each director (i) at least 24 hours before the meeting if such notice is oral notice given personally or by telephone or written notice given by hand delivery or by means of a form of electronic transmission and delivery; (ii) at least two (2) days before the meeting if such notice is sent by a nationally recognized overnight delivery service; and (iii) at least five (5) days before the meeting if such notice is sent through the United States mail.  If the Secretary shall fail or refuse to give such notice, then the notice may be given by the officer who called the meeting or the directors who requested the meeting.  Any and all business that may be transacted at a regular meeting of the Board may be transacted at a special meeting.  Except as may be otherwise expressly provided by applicable law, the Certificate of Formation, or these Bylaws, neither the business to be transacted at, nor the purpose of, any special meeting need be specified in the notice or waiver of notice of such meeting.  A special meeting may be held at any time without notice if all the directors are present or if those not present waive notice of the meeting in accordance with Section 9.4.

Section 4.4    **Quorum; Required Vote.**    A majority of the Board, but in any event not less than one third of the Whole Board (as defined below in this Section 4.4), shall constitute a quorum for the transaction of business at any meeting of the Board, and the act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board, unless a different number or portion is required by law, the Certificate of Formation or these Bylaws.  If a quorum shall not be present at any meeting, a majority of the directors present may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum is present.  "Whole Board" means the total number of directors that the Corporation would have if there were no vacancies.

Section 4.5    **Consent In Lieu of Meeting.**    Unless otherwise restricted by the Certificate of Formation or these Bylaws, any action required or permitted to be taken at any

7

WR004360

meeting of the Board or any committee thereof may be taken without a meeting if a consent in writing, setting forth the action so taken, is signed by all the members of the Board or committee, as the case may be. For purposes of this <u>Section 4.5</u>, an electronic transmission by a director consenting to an action to be taken and transmitted by the director is considered written and signed if the transmission sets forth or is delivered with information from which the Corporation can determine that the transmission was transmitted by the director and the date on which the director transmitted the transmission. Such signed consent shall have the same force and effect as a unanimous vote at a meeting, and shall be filed with the minutes of proceedings of the Board or committee.

Section 4.6 **Organization.** The chairman of each meeting of the Board shall be the President (if he or she shall be a director) or in the absence (or inability or refusal to act) of the President or if the President is not a director, a chairman elected from the directors present. The Secretary shall act as secretary of all meetings of the Board. In the absence (or inability or refusal to act) of the Secretary, an Assistant Secretary shall perform the duties of the Secretary at such meeting. In the absence (or inability or refusal to act) of the Secretary and all Assistant Secretaries, the chairman of the meeting may appoint any person to act as secretary of the meeting.

**ARTICLE V.**
**COMMITTEES OF DIRECTORS**

Section 5.1 **Establishment.** The Board may by resolution establish, name, fill vacancies in, change the membership of, or dissolve one or more committees, each committee to consist of one or more of the directors. Each committee shall keep regular minutes of its meetings and report the same to the Board when required.

Section 5.2 **Available Powers.** Any committee established pursuant to <u>Section 5.1</u> hereof, to the extent provided by resolution of the Board or in the Certificate of Formation or the Bylaws, shall have and may exercise all of the powers and authority of the Board, subject to the limitations of applicable law.

Section 5.3 **Alternate Members.** The Board may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of such committee.

Section 5.4 **Procedures.** Unless the Board otherwise provides, the time, date, place, if any, and notice of meetings of a committee shall be determined by such committee. At meetings of a committee, a majority of the number of members (but not including any alternate member, unless such alternate member has replaced any absent or disqualified member at the time of, or in connection with, such meeting) shall constitute a quorum for the transaction of business. The act of a majority of the members present at any meeting at which a quorum is present shall be the act of the committee, except as otherwise specifically provided by applicable law, the Certificate of Formation, these Bylaws or the Board. If a quorum is not present at a meeting of a committee, the members present may adjourn the meeting from time to time, without notice other than an announcement at the meeting, until a quorum is present. Unless the

4982944.1
108799184 v1

WR004361

Board otherwise provides and except as provided in these Bylaws, each committee designated by the Board may make, alter, amend and repeal rules for the conduct of its business. In the absence of such rules each committee shall conduct its business in the same manner as the Board is authorized to conduct its business pursuant to Article III and Article IV of these Bylaws.

## ARTICLE VI.
## OFFICERS

Section 6.1    **Officers.**    The officers of the Corporation elected by the Board shall be a President, a Treasurer, a Secretary and such other officers (including without limitation a Chief Financial Officer, Vice Presidents, Assistant Secretaries and Assistant Treasurers) as the Board from time to time may determine. Officers elected by the Board shall each have such powers and duties as generally pertain to their respective offices, subject to the specific provisions of this Article VI. Such officers shall also have such powers and duties as from time to time may be conferred by the Board. The President may also appoint such other officers (including without limitation one or more Vice Presidents and Controllers) as may be necessary or desirable for the conduct of the business of the Corporation. Such other officers shall have such powers and duties and shall hold their offices for such terms as may be provided in these Bylaws or as may be prescribed by the Board or, if such officer has been appointed by the President, as may be prescribed by the appointing officer.

(a)    President.    The President shall have general supervision of the affairs of the Corporation and general control of all of its business subject to the ultimate authority of the Board, and shall be responsible for the execution of the policies of the Board. In the absence (or inability or refusal to act) of the President (if he or she shall be a director) shall preside at all annual and special meetings of the shareholders and at all annual and special meetings of the Board, or, in the absence (or inability or refusal to act) of the President or if the President is not a director, such other person as shall be appointed by the Board, or in the absence of such appointment, a chairman chosen at the meeting.

(b)    Vice Presidents.    In the absence (or inability or refusal to act) of the President, the Vice President (or in the event there be more than one Vice President, the Vice Presidents in the order designated by the Board) shall perform the duties and have the powers of the President. Any one or more of the Vice Presidents may be given an additional designation of rank or function.

(c)    Secretary.

(i)    The Secretary shall attend all meetings of the shareholders, the Board and (as required) committees of the Board and shall record the proceedings of such meetings in books to be kept for that purpose. The Secretary shall give, or cause to be given, notice of all meetings of the shareholders and special meetings of the Board and shall perform such other duties as may be prescribed by the Board or the President. The Secretary shall have custody of the corporate seal of the Corporation and the Secretary, or any Assistant Secretary, shall have authority to affix the same to any instrument requiring it, and when so affixed, it may be attested by his or her signature or by the signature of such Assistant Secretary. The Board

9

WR004362

may give general authority to any other officer to affix the seal of the Corporation and to attest the affixing thereof by his or her signature.

(ii)    The Secretary shall keep, or cause to be kept, at the principal executive office of the Corporation or at the office of the Corporation's transfer agent or registrar, if one has been appointed, share transfer records, showing a record of the original issuance of shares and each transfer of those shares that have been presented to the Corporation for registration of transfer. Such records shall contain the names of past and current shareholders and their addresses, the number and classes of shares held by each and, with respect to certificated shares, the number and date of certificates issued for the same and the number and date of certificates cancelled.

(d)    <u>Assistant Secretaries</u>. The Assistant Secretary or, if there be more than one, the Assistant Secretaries in the order determined by the Board shall, in the absence (or inability or refusal to act) of the Secretary, perform the duties and have the powers of the Secretary.

(e)    <u>Treasurer</u>.    The Treasurer shall perform all duties commonly incident to that office (including, without limitation, the care and custody of the funds and securities of the Corporation which from time to time may come into the Treasurer's hands and the deposit of the funds of the Corporation in such banks or trust companies as the Board or the President may authorize).

(f)    <u>Assistant Treasurers</u>. The Assistant Treasurer or, if there shall be more than one, the Assistant Treasurers in the order determined by the Board shall, in the absence (or inability or refusal to act) of the Treasurer, perform the duties and exercise the powers of the Treasurer.

Section 6.2    **Term of Officer; Vacancies.** The elected officers of the Corporation shall be elected annually by the Board at its first meeting held after each annual meeting of shareholders. All officers elected by the Board shall hold office until the next annual meeting of the Board and until their successors are duly elected and qualified or until their earlier death, resignation, retirement, disqualification, or removal from office. Any officer may be removed, with or without cause, at any time by the Board but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment shall not of itself create contract rights. Any officer appointed by the President may also be removed, with or without cause, by the President, as the case may be, unless the Board otherwise provides. Any vacancy occurring in any elected office of the Corporation may be filled by the Board. Any vacancy occurring in any office appointed by the President may be filled by the President, as the case may be, unless the Board then determines that such office shall thereupon be elected by the Board, in which case the Board shall elect such officer.

Section 6.3    **Other Officers.**    The Board may delegate the power to appoint such other officers and agents, and may also remove such officers and agents or delegate the power to remove same, as it shall from time to time deem necessary or desirable.

4982944.1
108799184 v1

WR004363

Section 6.4    **Multiple Officeholders; Shareholder and Director Officers.**    Any two or more offices may be held by the same person, unless the Certificate of Formation or these Bylaws otherwise provide.  Officers need not be shareholders or residents of the State of Texas.

**ARTICLE VII.**
**SHARE CERTIFICATES**

Section 7.1    **Entitlement to Certificates.** The shares of the Corporation shall be represented by certificates, provided that the Board may provide by resolution that some or all of any or all classes and series of its shares shall be uncertificated shares.  Any such resolution shall not apply to shares represented by a certificate until such certificate is surrendered to the Corporation.  Each certificate representing shares shall state upon the face thereof: (a) that the Corporation is organized under the laws of the State of Texas; (b) the name of the person to whom issued; (c) the number and class of shares and the designation of the series, if any, which such certificate represents; and (d) the par value of each share represented by such certificate, or a statement that the shares are without par value.  After issuing or transferring an uncertificated share, the Corporation shall notify the holder in writing of any information that is required by Section 7.1 and Section 7.2 of these Bylaws to be stated on a certificate representing the share, unless the information is included in the Certificate of Formation or the Bylaws and the holder of the uncertificated share is provided with a copy of the Certification of Formation and the Bylaws.

Section 7.2    **Multiple Classes of Shares.**

(a)    In the event the Corporation is authorized to issue shares of more than one class or series, each certificate representing shares issued by the Corporation shall conspicuously set forth on the face or back of the certificate (i) a full statement of the designations, preferences, limitations, and relative rights of the shares of each class or series to the extent they have been determined and the authority of the Board to make those determinations as to subsequent series or (ii) that such a statement is set forth in the Certificate of Formation on file in the office of the Secretary of State of the State of Texas and the Corporation will furnish a copy of such statement to the record holder of the certificate without charge on written request to the Corporation at its principal place of business or registered office.  No requirement of this Section 7.2 shall apply to shares represented by a certificate outstanding when such requirement first becomes applicable to such certificates, but such requirement shall apply to all certificates thereafter issued whether in connection with an original issue of shares, a transfer of shares or otherwise.

(b)    In the event any restriction on the transfer, or registration of the transfer, of shares of the Corporation shall be imposed or agreed to by the Corporation, as permitted by law, or is otherwise contained in the Certificate of Formation or the Bylaws, each certificate representing shares so restricted (i) shall conspicuously set forth a full or summary statement of the restriction on the face of the certificate, or (ii) shall set forth such statement on the back of the certificate and conspicuously refer to the same on the face of the certificate, or (iii) shall conspicuously state on the face or back of the certificate that such a restriction exists pursuant to a specified document and (A) that the Corporation will furnish to the record holder of the certificate without charge upon written request to the Corporation at its principal place of business a copy of the specified document, or (B) if such document is one required or permitted

11

WR004364

to be and has been filed under the TBOC with the Secretary of State of Texas, that such specified document is on file in the office of the Secretary of State of Texas and contains a complete statement of such restriction.

Section 7.3    **Signatures.**    Each certificate representing shares of the Corporation shall be signed by or in the name of the Corporation by (a) the President or a Vice President; and (b) the Treasurer, an Assistant Treasurer, the Secretary, or an Assistant Secretary of the Corporation. Any or all the signatures on the certificate may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar on the date of issue.

Section 7.4    **Issuance and Payment.**    The Board may authorize shares to be issued for consideration consisting of any tangible or intangible benefit to the Corporation or other property of any kind or nature, including, cash, promissory notes, services performed, contracts for services to be performed, other securities of the Corporation, or securities of any other corporation, domestic or foreign, or other organization.  Shares may not be issued until the full amount of the consideration has been paid or delivered as required in connection with the authorization of the shares.  When such consideration shall have been paid or delivered the shares will be deemed to have been issued and the subscriber or shareholder entitled to receive such issue will be a shareholder with respect to such shares, and the shares will be considered fully paid and non-assessable.

Section 7.5    **Lost, Destroyed or Wrongfully Taken Certificates.**

(a)    If an owner of a certificate representing shares claims that such certificate has been lost, destroyed or wrongfully taken, the Corporation shall issue a new certificate representing such shares if the owner:  (i) requests such a new certificate before the Corporation has notice that the certificate representing such shares has been acquired by a protected purchaser; (ii) if requested by the Corporation, delivers to the Corporation a bond sufficient to indemnify the Corporation against any claim that may be made against the Corporation on account of the alleged loss, wrongful taking or destruction of such certificate or the issuance of such new certificate or uncertificated shares; and (iii) satisfies other reasonable requirements that may be imposed by the Corporation.

(b)    If a certificate representing shares has been lost, apparently destroyed or wrongfully taken, and the owner fails to notify the Corporation of that fact within a reasonable time after the owner has notice of such loss, apparent destruction or wrongful taking and the Corporation registers a transfer of such shares before receiving notification, the owner shall be precluded from asserting against the Corporation any claim for registering such transfer or a claim to a new certificate representing such shares or such shares in uncertificated form.

Section 7.6    **Transfer of Shares.**  If a certificate representing shares of the Corporation is presented to the Corporation with an endorsement requesting the registration of transfer of such shares or an instruction is presented to the Corporation requesting the

12

WR004365

registration of transfer of uncertificated shares, the Corporation shall register the transfer as requested if:

(a)    under the terms of the shares the person seeking registration is eligible to have the shares registered in such person's name;

(b)    in the case of certificated shares, the certificate representing such shares has been surrendered;

(c)    (i) with respect to certificated shares, the endorsement is made by the person specified by the certificate as entitled to such shares; (ii) with respect to uncertificated shares, an instruction is made by the registered owner of such uncertificated shares; or (iii) with respect to certificated shares or uncertificated shares, the endorsement or instruction is made by any other appropriate person or by an agent who has actual authority to act on behalf of the appropriate person;

(d)    the Corporation has received a guarantee of signature of the person signing such endorsement or instruction or such other reasonable assurance that the endorsement or instruction is genuine and authorized as the Corporation may request;

(e)    the transfer does not violate any restriction on transfer imposed by the Corporation that is enforceable in accordance with Section 7.8(a); and

(f)    such other conditions for such transfer as shall be provided for under applicable law have been satisfied.

Section 7.7    **Registered Shares.**    Before due presentment for registration of transfer of a certificate representing shares of the Corporation or of an instruction requesting registration of transfer of uncertificated shares, the Corporation shall be entitled to regard the person in whose name any shares of the Corporation are registered in the share transfer records of the Corporation at any particular time as the owner of those shares at that time for purposes of voting those shares, receiving distributions thereon, transferring those shares, receiving notices, exercising rights of dissent, exercising or waiving preemptive rights, if any, giving proxies with regard to those shares, or entering into agreements with respect to those shares, and neither the Corporation nor any of its officers, directors, employees or agents shall be liable for regarding that person as the owner of those shares at that time for those purposes.

Section 7.8    **Effect of the Corporation's Restriction on Transfer.**

(a)    A written restriction on the transfer or registration of transfer of shares of the Corporation or on the amount of shares of the Corporation that may be owned by any person or group of persons, if permitted by the TBOC and noted conspicuously on the certificate representing such shares or, in the case of uncertificated shares, contained in a notice sent by the Corporation to the registered owner of such shares within a reasonable time after the issuance or transfer of such shares, may be enforced against the holder of such shares or any successor or transferee of the holder.

4982944.1
108799184 v1

WR004366

(b)     A restriction imposed by the Corporation on the transfer or the registration of shares of the Corporation or on the amount of shares of the Corporation that may be owned by any person or group of persons, even if otherwise lawful, is ineffective against a person without actual knowledge of such restriction unless:  (i) the shares are certificated and such restriction is noted conspicuously on the certificate; or (ii) the shares are uncertificated and such restriction was contained in a notice sent by the Corporation to the registered owner of such shares within a reasonable time after the issuance or transfer of such shares.

Section 7.9     **Regulations.**  The Board shall have power and authority to make such additional rules and regulations, subject to any applicable requirement of law, as the Board may deem necessary and appropriate with respect to the issue, transfer or registration of transfer of shares of stock or certificates representing shares.  The Board may appoint one or more transfer agents or registrars and may require for the validity thereof that certificates representing shares bear the signature of any transfer agent or registrar so appointed.

**ARTICLE VIII.**
**INDEMNIFICATION**

Section 8.1     **Indemnification of Directors and Former Directors.**     Each person who was or is a respondent or defendant or is threatened to be made a respondent or defendant, or testifies or otherwise participates, in any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative, any appeal in such an action, suit or proceeding, or any inquiry or investigation that could lead to such an action, suit, or proceeding (any of the foregoing hereinafter called a "***proceeding***"), whether or not by or in the right of the Corporation, because such person is or was a director of the Corporation or, while a director of the Corporation, is or was serving at the request of the Corporation as a director, officer, partner, venturer, proprietor, trustee, employee, administrator, agent or similar functionary (a "***representative***") of another foreign or domestic corporation, limited or general partnership, limited liability company, business trust, real estate investment trust, joint venture, joint stock company, cooperative, association, bank, insurance company, credit union, association, proprietorship, trust, employee benefit plan, other enterprise or other organization (each, an "***organization***") (hereinafter a "***Covered Director***") shall be indemnified by the Corporation to the fullest extent authorized or permitted by applicable law, as the same exists or may hereafter be changed, against all judgments (including arbitration awards), court costs, penalties, excise and similar taxes, fines, settlements, reasonable attorneys' fees and other reasonable expenses (all of the foregoing hereinafter referred to as "***expenses***") actually incurred by such person in connection with such proceeding and such right to indemnification shall continue as to a person who has ceased to be a director or representative and shall inure to the benefit of his or her heirs, executors and administrators.  **It is expressly acknowledged that the indemnification provided in this** <u>**Article VIII**</u> **could involve indemnification for negligence or under theories of strict liability**.

Section 8.2     **Indemnification of Officers and Former Officers.**  The      Corporation shall indemnify each person who was or is a respondent or defendant or threatened to be made a respondent or defendant, or testifies or otherwise participates, in any proceeding, whether or not

14

WR004367

by or in the right of the Corporation, because such person is or was an officer of the Corporation or, while an officer of the Corporation, is or was serving at the request of the Corporation as a representative of another organization (hereinafter a "*Covered Officer*" and together with a Covered Director, a "*Covered Person*"), to the same extent that the Corporation may indemnify and advance expenses to a director of the Corporation under the TBOC, and such right to indemnification shall continue as to a person who has ceased to be an officer or representative and shall inure to the benefit of his or her heirs, executors and administrators.

Section 8.3    **Right to Advancement of Expenses.**    In addition to the right to indemnification conferred in <u>Section 8.1</u> or <u>Section 8.2</u> , as the case may be, a Covered Person shall also have the right to be paid or reimbursed by the Corporation the reasonable expenses incurred in defending, testifying or otherwise participating in any such proceeding, in advance of the final disposition of the proceeding (hereinafter an "*advancement of expenses*") and without any determination as to the person's ultimate entitlement to indemnification; provided, however, that, an advancement of expenses incurred by a Covered Person in advance of the final disposition of a proceeding shall be made only upon delivery to the Corporation of a written affirmation by such person of such person's good faith belief that he or she has met the standard of conduct necessary for indemnification under the TBOC and a written undertaking (hereinafter an "*undertaking*"), by or on behalf of such person, to repay all amounts so advanced if it shall be ultimately determined by final judicial decision from which there is no further right to appeal (hereinafter, a "*final adjudication*") that the Covered Person has not met that standard or that indemnification of the Covered Person against expenses incurred by such person in connection with that proceeding is prohibited by the TBOC.

Section 8.4    **Right of Indemnitee to Bring Suit.**    If a claim under <u>Section 8.1</u>, <u>Section 8.2</u> or <u>Section 8.3</u> is not paid in full by the Corporation within sixty (60) days after a written claim therefor has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be twenty (20) days, the Covered Person may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim.  If successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Covered Person shall also be entitled to be paid the expense of prosecuting or defending such suit.  In (a) any suit brought by the Covered Person to enforce a right to indemnification hereunder (but not in a suit brought by a Covered Person to enforce a right to an advancement of expenses) it shall be a defense that, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Covered Person has not met any applicable standard for indemnification set forth in the TBOC.  Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, special legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the Covered Person is proper in the circumstances because the Covered Person has met the applicable standard of conduct set forth in the TBOC, nor an actual determination by the Corporation (including a determination by its directors who are not parties to such action, a committee of such directors, special legal counsel, or its shareholders) that the Covered Person has not met such applicable standard of conduct, shall create a presumption that the Covered Person has not

15

WR004368

met the applicable standard of conduct or, in the case of such a suit brought by the Covered Person, shall be a defense to such suit.  In any suit brought by the Covered Person to enforce a right to indemnification or to an advancement of expenses hereunder, or by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the Covered Person is not entitled to be indemnified, or to such advancement of expenses, under this Article VIII or otherwise shall be on the Corporation.

Section 8.5    **Indemnification of Other Persons.**  This Article VIII shall not limit the right of the Corporation to the extent and in the manner authorized or permitted by law to indemnify and to advance expenses to persons other than Covered Persons.  Without limiting the foregoing, the Corporation may, to the extent authorized from time to time by the Board, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation and to any person who is or was serving at the request of the Corporation as a representative of another organization to the same extent that it may indemnify and advance expenses to Covered Persons under this Article VIII and to any such further extent as may be authorized or permitted by law.

Section 8.6    **Non-Exclusivity of Rights.**  The rights provided to a Covered Person pursuant to this Article VIII shall not be exclusive of any other right which any such person may have or hereafter acquire under any law (common or statutory), provision of the Certificate of Formation or these Bylaws, agreement, vote of shareholders or disinterested directors, or otherwise.

Section 8.7    **Insurance and Other Arrangements.**    The Corporation may, to the extent permitted by law, purchase and maintain insurance, create a trust fund, establish any form of self-insurance (including a contract to indemnify), secure its indemnity obligation by grant of a security interest or other lien on assets of the Corporation, establish a letter of credit guaranty or security arrangement, or establish and maintain any other arrangement (any of the foregoing hereinafter called an "***arrangement***") on behalf of any person who is or was serving as a director, officer, employee, or agent of the Corporation or is or was serving at the request of the Corporation as a representative of another organization against any liability asserted against such person and incurred by such person in such a capacity or arising out of his or her status as such a person, whether or not the Corporation would have the power to indemnify such person against such liability.  If the insurance or other arrangement involves self-insurance or is with a person or entity that is not regularly engaged in the business of providing insurance coverage, the insurance or arrangement may provide for payment of a liability with respect to which the Company would not have the power to indemnify the person only if the insurance or arrangement has been approved by the shareholders

Section 8.8    **Shareholder Notification.**  To the extent required by law, any indemnification of or advancement of expenses to a director by the Corporation shall be reported in writing to the shareholders with or before the notice or waiver of notice of the next shareholders' meeting or with or before the next submission to shareholders of a consent to action without a meeting and, in any case, within the 12-month period immediately following the date of the indemnification or advance.

16

WR004369

Section 8.9    **Amendments.**    Any repeal or amendment of this Article VIII by the Board or the shareholders of the Corporation or by changes in applicable law, or the adoption of any other provision of these Bylaws inconsistent with this Article VIII, will, to the extent permitted by applicable law, be prospective only (except to the extent such amendment or change in applicable law permits the Corporation to provide broader indemnification rights on a retroactive basis than permitted prior thereto), and will not in any way diminish or adversely affect any right or protection existing hereunder in respect of any act or omission occurring prior to such repeal or amendment or adoption of such inconsistent provision.

Section 8.10    **Certain Definitions.** For purposes of this Article VIII, (a) the Corporation shall be deemed to have requested a director or officer of the Corporation to serve as a representative of an employee benefit plan whenever the performance by such person of his or her duties to the Corporation also imposes duties on or otherwise involves services by such person to the plan or participants or beneficiaries of the plan, and (b) any action taken or omitted by a such a person with respect to an employee benefit plan in the performance of such person's duties for a purpose reasonably believed by such person to be in the interest of the participants and beneficiaries of the plan shall be deemed to be for a purpose which is "not opposed to the best interests" of the Corporation for purposes of Section 8.001 of the TBOC.

Section 8.11    **Contract Rights.**    The rights provided to Covered Persons pursuant to this Article VIII shall be contract rights and such rights shall continue as to a Covered Person who has ceased to be a director, officer, agent or employee and shall inure to the benefit of the Covered Person's heirs, executors and administrators.

Section 8.12    **Severability.**  If any provision or provisions of this Article VIII shall be held to be invalid, illegal or unenforceable for any reason whatsoever:  (a) the validity, legality and enforceability of the remaining provisions of this Article VIII shall not in any way be affected or impaired thereby; and (b) to the fullest extent possible, the provisions of this Article VIII (including, without limitation, each such portion of this Article VIII containing any such provision held to be invalid, illegal or unenforceable) shall be construed so as to give effect to the intent manifested by the provision held invalid, illegal or unenforceable.

## ARTICLE IX.
## MISCELLANEOUS

Section 9.1    **Place of Meetings.**    If the place of any meeting of shareholders, the Board or committee of the Board for which notice is required under these Bylaws is not designated in the notice of such meeting, such meeting shall be held at the principal business office of the Corporation; provided, however, if the Board has, in its sole discretion, determined that a meeting shall not be held at any place, but instead shall be held by means of remote communication pursuant to Section 9.5 hereof, then such meeting shall not be held at any place.

Section 9.2    **Closing Share Transfer Records and Fixing Record Dates.**

(a)    In order that the Corporation may determine the shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, to receive a

4982944.1
108799184 v1

WR004370

distribution by the Corporation (other than a distribution involving a purchase or redemption by the Corporation of any of its own shares) or a share dividend, or in order to make a determination of shareholders for any other proper purpose (other than determining shareholders entitled to consent to action by shareholders proposed to be taken without a meeting of shareholders), the Board may (i) fix, in advance, a record date for any such determination of shareholders, which will not be more than sixty (60) days and not less than ten (10) days prior to the date on which the particular action requiring such determination of shareholders is to be taken or (ii) close the share transfer records for a stated period of not more than sixty (60) days, which period in the case of determining shareholders entitled to notice of a meeting of shareholders shall include at least the ten (10) days immediately preceding the meeting.  In the absence of any action by the Board, the date on which a notice of meeting is mailed, or the date the Board adopts the resolution declaring such distribution or share dividend, as the case may be, will be the record date.  When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this Section 9.2, such determination will be valid for any adjournment of said meeting except where such determination has been made through the closing of share transfer books and the stated period of closing has expired.

(b)     In order that the Corporation may determine the shareholders entitled to consent to corporate action in writing without a meeting, the Board may (unless a record date shall have previously been fixed or determined pursuant to Section 9.2(a) for that action) fix a record date, which record date shall not precede, and shall not be more than ten (10) days after, the date upon which the resolution fixing the record date is adopted by the Board.  If no record date has been fixed by the Board, the record date for determining shareholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board is otherwise required, will be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation as and in the manner provided by Section 2.8.  If no record date has been fixed by the Board and prior action by the Board is required, the record date for determining shareholders entitled to consent to corporate action in writing without a meeting will be at the close of business on the day on which the Board adopts the resolution taking such prior action.

Section 9.3     **Means of Giving Notice.**

(a)     Notice to Directors.  Whenever under applicable law, the Certificate of Formation or these Bylaws notice is required to be given to any director, such notice shall be given either in writing and sent by hand delivery, through the United States mail, or by a nationally recognized overnight delivery service for next day delivery, by means of electronic transmission if consented to by the director (and if specified by the director, only by the form of electronic transmission specified by the director), or by oral notice given personally or by telephone.  A notice to a director shall be deemed given as follows:  (i) if given by hand delivery, orally, or by telephone, when actually received by the director, (ii) if sent through the United States mail, when deposited in the United States mail, with postage and fees thereon prepaid, addressed to the director at the director's address appearing on the records of the Corporation, (iii) if sent for next day delivery by a nationally recognized overnight delivery service, when deposited with such service, with fees thereon prepaid, addressed to the director at the director's address appearing on the records of the Corporation, (iv) if sent by facsimile transmission, when

18

WR004371

transmitted to a facsimile number provided by the director for the purpose of receiving notice, (v) if sent by electronic mail, when transmitted to an electronic mail address provided by the director for the purpose of receiving notice, (vi) if by posting on an electronic network, when posted on the electronic network and a message is sent to the director at the address provided by the director for the purpose of alerting the director of a posting or (vii) when communicated to the director by any other form of electronic transmission consented to by the director. A director may revoke the director's consent to notices being given by means of electronic transmission by delivering written notice of such revocation to the Corporation. A director's consent to notices being given to the director by means of electronic transmission will be deemed revoked if the Corporation is unable to deliver by electronic transmission two consecutive notices and the Secretary or other person responsible for delivering the notice on behalf of the Corporation knows that the delivery of these two electronic transmissions was unsuccessful. The inadvertent failure to treat the unsuccessful transmissions as a revocation of the director's consent does not invalidate a meeting or other action. An affidavit of the Secretary or such other agent of the Corporation that notice has been given by electronic transmission is, in the absence of fraud, prima facie evidence that notice was given.

(b)  <u>Notice to Shareholders</u>.  Whenever under applicable law, the Certificate of Formation or these Bylaws notice is required to be given to any shareholder, such notice may be given in writing and either delivered personally by hand or sent through the United States mail, or by means of electronic transmission if consented to by the shareholder (and if specified by the shareholder, only by the form of electronic transmission specified by the shareholder). A notice to a shareholder shall be deemed given as follows: (i) if given personally by hand delivery, when actually received by the shareholder, (ii) if sent through the United States mail, when deposited in the United States mail, with postage and fees thereon prepaid, addressed to the shareholder at the shareholder's address appearing on the share transfer records of the Corporation, and (iii) if given by a form of electronic transmission consented to by the shareholder to whom the notice is given, (A) if sent by facsimile transmission, when transmitted to a facsimile number provided by the shareholder for the purpose of receiving notice, (B) if by electronic mail, when transmitted to an electronic mail address provided by the shareholder for the purpose of receiving notice, (C) if by a posting on an electronic network, when posted on the electronic network and a message is sent to the shareholder at the address provided by the shareholder for the purpose of alerting the shareholder of a posting and (D) when communicated to the shareholder by any other form of electronic transmission consented to by the shareholder. A shareholder may revoke such shareholder's consent to notices being given to the shareholder by means of electronic transmission by delivering written notice of such revocation to the Corporation. A shareholder's consent to notices being given by means of electronic transmission will be deemed revoked if the Corporation is unable to deliver by electronic transmission two consecutive notices, and the Secretary, any Assistant Secretary, the transfer agent of the Corporation, or another person responsible for delivering notice on behalf of the Corporation knows that delivery of these two electronic transmissions was unsuccessful. The inadvertent failure to treat the unsuccessful transmissions as a revocation of a shareholder's consent does not invalidate a meeting or other action.

(c)  <u>Electronic Transmission</u>.  "***Electronic transmission***" means a form of communication that: (i) does not directly involve the physical transmission of paper; (ii) creates

4982944.1
108799184 v1

WR004372

a record that may be retained, retrieved, and reviewed by the recipient; and (iii) may be directly reproduced in paper form by the recipient through an automated process.

Section 9.4   **Waiver of Notice.**   Whenever any notice is required to be given under applicable law, the Certificate of Formation or these Bylaws, a written waiver of such notice signed by the person or persons entitled to said notice, or a waiver by electronic transmission by the person entitled to said notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.  The business to be transacted at a regular or special meeting of shareholders, directors or members of a committee of directors or the purpose of a meeting is not required to be specified in a written waiver of notice or a waiver by electronic transmission.  All such waivers shall be kept with the books of the Corporation.  Attendance at a meeting shall constitute a waiver of notice of such meeting, except where a person attends for the express purpose of objecting to the transaction of any business on the ground that the meeting was not lawfully called or convened.

Section 9.5   **Meeting Attendance Via Remote Communication Equipment.**   Subject to such guidelines and procedures, if any, as the Board may adopt, meetings of shareholders, if authorized by the Board, meetings of directors, and meetings of members of any committee of the Board may be held by using conference telephone or similar communications equipment, or another suitable electronic communications system, including videoconferencing technology or the Internet, or any combination, if the telephone or other equipment or system permits all persons participating in the meeting to communicate with each other, and participation in such a meeting shall constitute presence in person at such meeting, except where a person participates in the meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.  If voting is to take place at the meeting, the Corporation shall (a) implement reasonable measures to verify that each person considered present and permitted to vote at the meeting by means of remote communication is sufficiently identified, and (b) maintain a record of any vote or other action taken at the meeting.

Section 9.6   **Distribution.** The Board may declare, and the Corporation may pay, distributions on the Corporation's outstanding shares of capital stock, subject to applicable law and the Certificate of Formation.

Section 9.7   **Reserves.**   The Board may set apart out of the funds of the Corporation available for distributions a reserve or reserves for any proper purpose or purposes and may increase, decrease or abolish any such reserve.

Section 9.8   **Contracts and Negotiable Instruments.**   Except as otherwise provided by applicable law, the Certificate of Formation or these Bylaws, any contract, bond, deed, lease, mortgage or other instrument may be executed and delivered in the name and on behalf of the Corporation by such officer or officers or other employee or employees of the Corporation as the Board may from time to time authorize.  Such authority may be general or confined to specific instances as the Board may determine.  The President or any Vice President may execute and deliver any contract, bond, deed, lease, mortgage or other instrument in the name and on behalf of the Corporation.  Subject to any restrictions imposed by the Board, the President or any Vice President may delegate powers to execute and deliver any contract, bond, deed, lease, mortgage

20

WR004373

or other instrument in the name and on behalf of the Corporation to other officers or employees of the Corporation under such person's supervision and authority, it being understood, however, that any such delegation of power shall not relieve such officer of responsibility with respect to the exercise of such delegated power.

Section 9.9   **Fiscal Year.**   The fiscal year of the Corporation shall be fixed by the Board.

Section 9.10   **Seal.**   The seal of the Corporation shall be in such form as shall from time to time be adopted by the Board.  The seal may be used by causing it or a facsimile thereof to be impressed, affixed or otherwise reproduced.

Section 9.11   **Books and Records.**   The Corporation shall keep books and records of account and minutes of the proceedings of its shareholders, Board, and committees of the Board and shall keep at its registered office or principal place of business, or at the office of its transfer agent or registrar, share transfer records consisting of a record of the original issuance of shares by the Corporation, a record of each transfer of shares that have been presented to the Corporation for registration of transfer, the names and addresses of all past shareholders of the Corporation and the number and class or series of shares issued by the Corporation held by each current and past shareholder.  The books, records and minutes may be in written paper form or another form capable of being converted into written paper form within a reasonable time.

Section 9.12   **Resignation.**   Any director, committee member or officer may resign by giving notice thereof in writing or by electronic transmission to the President or the Secretary. The resignation shall take effect at the time specified therein, or at the time of receipt of such notice if no time is specified or the specified time is earlier than the time of such receipt.  Unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 9.13   **Surety Bonds.**   Such officers, employees and agents of the Corporation (if any) as the President or the Board may direct, from time to time, shall be bonded for the faithful performance of their duties and for the restoration to the Corporation, in case of their death, resignation, retirement, disqualification or removal from office, of all books, papers, vouchers, money and other property of whatever kind in their possession or under their control belonging to the Corporation, in such amounts and by such surety companies as the President or the Board may determine.  The premiums on such bonds shall be paid by the Corporation and the bonds so furnished shall be maintained in the custody of the Secretary.

Section 9.14   **Securities of Other Corporations.**   Powers of attorney, proxies, waivers of notice of meeting, consents in writing and other instruments relating to securities owned by the Corporation may be executed in the name of and on behalf of the Corporation by the President or any Vice President.  Any such officer, may, in the name of and on behalf of the Corporation, take all such action as any such officer may deem advisable to vote in person or by proxy at any meeting of security holders of any corporation or other entity in which the Corporation may own securities, or to consent in writing, in the name of the Corporation as such holder, to any action by such corporation or other entity, and at any such meeting or with respect

21

WR004374

to any such consent shall possess and may exercise any and all rights and power incident to the ownership of such securities and which, as the owner thereof, the Corporation might have exercised and possessed.  The Board may from time to time confer like powers upon any other person or persons.

Section 9.15   **Amendments.**  The Board may amend or repeal these Bylaws, or adopt new Bylaws except to the extent (a) such power shall be reserved exclusively to the shareholders in whole or part by the Certificate of Formation or the TBOC, or (b) the shareholders in amending, repealing or adopting a particular Bylaw shall have expressly provided in such Bylaw or in this Section 9.15 that the Board may not amend or repeal that Bylaw.  Unless the Certificate of Formation or a Bylaw adopted by the shareholders shall provide otherwise as to all or some portion of the Bylaws, the shareholders may amend, repeal, or adopt Bylaws even though the Bylaws may also be amended, repealed, or adopted by the Board.

Section 9.16   **Election Not To Be Governed By Certain Statute.**  The    Corporation elects not to be governed by Subchapter M of Title 2 of the TBOC.

22

WR004375

<u>Exhibit C</u>

Subsidiary Resolutions

108863389 v4

WR004376

**ACTION BY WRITTEN CONSENT**
**OF THE SOLE STOCKHOLDER**
**OF**
**HASTINGS INTERNET, INC.**

The undersigned, being the sole stockholder of Hastings Internet, Inc., a Nevada corporation (the "*Company*"), pursuant to Chapter 92A and Chapter 78.320(2) of the General Statutes of Nevada, hereby adopts the following resolutions by written consent.

**RESIGNATION OF PRIOR DIRECTORS; APPOINTMENT OF SOLE DIRECTOR**

**WHEREAS**, on July 15, 2014, the Company's then-current directors (the "*Prior Directors*") resigned from their respective appointments effective as of July 16, 2014.

**RESOLVED**, the Prior Directors' resignations are hereby accepted; and

**RESOLVED FURTHER,** that, effective as of July 16, 2014, Joel Weinshanker be, and he hereby is, appointed to serve as the sole director of the Company, to serve until the next annual meeting of stockholders or until his successor has been duly elected and qualified or until his earlier resignation, death or removal; and

**RESOLVED FURTHER**, that a facsimile or other electronically scanned and transmitted signature shall be deemed originals for all purposes of this consent.

[SIGNATURES ON FOLLOWING PAGE]

108863382 v3

WR004377

IN WITNESS WHEREOF, the undersigned have signed, sealed and delivered this Resolution this 16th day of July, 2014.

**STOCKHOLDER:**

Joel Weinshanker

Title: Chief Executive Officer of Hastings Entertainment, Inc.

[SIGNATURE PAGE TO HASTINGS INTERNET, INC. CONSENT OF THE STOCKHOLDER]

WR004378